By the Court.
 

 On October 29, 1936, relator filed in this court his petition in mandamus, alleging that he was the duly elected and qualified sheriff of Morrow county and that the respondent was the duly elected and qualified Secretary of State, who was charged by law with certain duties with reference to the conduct of elections', as specifically set forth in the petition.
 

 Relator pleads that prior to their repeal, on November 7, 1933, Section 16, Article IV of the Constitution provided for the election of a clerk of courts in each county, and Sections 1 to 7 of Article X empowered the General Assembly to provide for the election of county and township officers and contained other provisions pertaining to such officers.
 

 The relator then pleads that there is no constitutional or statutory provision for the election on November 3,1936, of sheriff, coroner, treasurer, recorder, clerk of Court of Common Pleas or prosecuting attorney.
 

 Relator prays for a writ of mandamus requiring the Secretary of State to instruct county boards of elections to refrain from counting ballots for candidates for the offices aforenamed, and to order that the votes
 
 *207
 
 cast in the election of November 3, 1936, be declared insufficient under the election laws as constituted at the time of the filing of the petition in this' court.
 

 The respondent demurred to the petition.
 

 Relator contends that the purpose of the repeal of Section 16, Article IV, and Sections 1 to 7, Article X, on November 7, 1933, and the substitution of the new amendments of Sections 1 to 4, Article X, on that date, was to confer upon each county the privilege of determining how it desired to conduct its government.
 

 As stated above, the relator prays that the Secretary of State be required to instruct the’ county boards of elections to refrain from counting ballots for county offices.
 

 Nowhere in the election laws' is such duty specifically enjoined upon the Secretary of State. The petition of relator contains in part the duties and powers of the Secretary of State as found in Section 4785-7, General Code. While the Secretary of State has ample authority, under that section, to prescribe rules for the conduct of elections and the proper functioning of the election machinery of the state, nowhere in that section is there authority or direction to the Secretary of State to do that which is prayed for in the relator’s petition.
 

 The writ of mandamus issues only to compel the performance of a duty specifically enjoined by law.
 

 The demurrer to the petition is sustained and a writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Day, Zimmerman and Williams, JJ., concur.
 

 Jones and Myers, JJ., not participating.