By the Court.
 

 The only question presented by briefs in the Court of Appeals was whether «the statutes of Ohio enjoin upon the Secretary of State a.mandatory duty to prepare and have printed forms of nominating petitions for the offices of president and vice-president of the United States.
 

 Section 12283, General Code, reads:
 

 “Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”
 

 No statutory provision has been' cited specially enjoining upon the Secretary of State the duty to prepare and have printed nominating-petition forms. The peremptory writ of mandamus was properly denied for that reason. See
 
 State, ex rel. Kautzman,
 
 v.
 
 Graves, Secy. of State,
 
 91 Ohio St., 113, 110 N. E., 185.
 

 As to that portion of the prayer of the petition relating to having a column printed on the ballot, showing the Prohibition Party and its nominees, “mandamus is never granted in anticipation of a supposed omission of duty, however strong the presumption may be that the persons whom it is sought to coerce by the
 
 *21
 
 writ will refuse to perform their duty when the proper time arrives.” 25 Ohio -Jurisprudence, 1000, Section 26. High’s Extraordinary Legal Remedies, 16, Section 12. See, also,
 
 City of Zanesville
 
 v.
 
 Richards,
 
 5 Ohio St., 590.
 

 Counsel for relator in their brief contend that custom and usage may have the force of law; that Section 4785-7, General Code, grants power to the Secretary of State to furnish “other information and recommendations relative to elections as he may deem desirable”; and that courts will take judicial notice of the fact that it has been the custom of secretaries of state to prescribe and furnish printed forms of petitions to all who apply therefor.
 

 That particular provision of Section 4785-7, General Code, is permissive and not mandatory. A writ of mandamus will not issue to control discretion or to command performance of an “implied” power.
 
 State, ex rel. Struble,
 
 v.
 
 Myers, Secy. of State,
 
 132 Ohio St., 206, 6 N. E. (2d), 1;
 
 State, ex rel. Welsh,
 
 v.
 
 State Medical Board,
 
 145 Ohio St., 74, 60 N. E. (2d), 620.
 

 The judgment of the Court of Appeals, dismissing thé petition for a writ of mandamus, is affirmed.
 

 .
 
 Judgment affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.